# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DAJAN KNUCKLES**                                                                                          **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 3:22-cv-302-HTW-LGI**

**MARTIN J. GRUENBERG, Acting Chairman of**
**the Federal Deposit Insurance Corp.**                                                        **DEFENDANT**

## ORDER

This Court has before it a Motion for Reconsideration [ECF No. 34], filed by Plaintiff Dajan Knuckles ("Plaintiff"). Plaintiff, by way of her motion, asks this Court to reconsider its decision [ECF No. 31] dismissing Plaintiff's Amended Complaint. Defendant Martin J. Gruenberg ("Defendant") opposes Plaintiff's motion, arguing that Plaintiff has asserted no legal basis for reconsideration [ECF No. 37]. Having reviewed the parties' submissions, relevant jurisprudence, this Court denies the Plaintiff's motion for the reasons below.

### I. JURISDICTION

As previously established, this Court has federal question subject matter jurisdiction over this dispute under 28 U.S.C. § 1331[1], as the claims arise under federal law, specifically Title VII

---

[1] 28 U.S.C. § 1331 states:
   The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

of the Civil Rights Act of 1964[2] ("Title VII"), and the Rehabilitation Act of 1973[3].

## II.   BACKGROUND

Plaintiff, an African-American woman, initially filed her complaint on January 24, 2022, in the District of Columbia, naming the Federal Deposit Insurance Corporation ("FDIC ") as the sole defendant. [ECF No. 1]. On May 2, 2022, the FDIC moved to dismiss the Complaint for lack of venue or, in the alternative, to transfer the case to the Southern District of Mississippi. [ECF No. 8]. The Motion expressly reserved all affirmative defenses for a later date, before an appropriate Court, but noted that Knuckles had not served the FDIC process as required by Federal Rule of Civil Procedure 4[4]. *Id* at 1, n. 1.  The District of Columbia Court granted the Motion on June 2, 2022, and the case was transferred to this Southern District of Mississippi on June 6, 2022.

Following a transfer to this Court, Defendant renewed its motion to dismiss, further asserting that Plaintiff had failed to comply with administrative exhaustion requirements under Title VII and the Rehabilitation Act. Plaintiff, believing she had sufficiently followed the procedural mandates, filed an Amended Complaint on August 4, 2022, rather than perfecting service on the original complaint. Plaintiff's Amended Complaint named Martin J. Gruenberg,

---

[2] Title VII makes it unlawful for an employer to discriminate against an employee because of the employee's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In addition, Title VII makes it unlawful for an employer to discriminate against any employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII]." *Id.* § 2000e–3(a).

[3] The Rehabilitation Act of 1973, as Amended prohibits discrimination on the basis of disability in programs conducted by federal agencies, in programs receiving federal financial assistance, in federal employment and in the employment practices of federal contractors. See 29 U.S.C. 79, *et seq.*

[4] Rule 4 of the Federal Rules of Civil Procedure sets forth the specific manner in which service of process must be made on an officer or employee of the United States sued in an official capacity, like the Defendant herein.

2

Chairman of the FDIC, as the sole defendant[5]. Defendant Chairman Gruenberg then moved to dismiss, arguing Plaintiff failed to exhaust administrative remedies and failed to perfect service.

The filing of the Amended Complaint altered the procedural posture of the case, shifting the focus to whether Plaintiff correctly had served the updated pleading and whether her claims exceeded the scope of her original administrative charge. On March 13, 2023, this Court held a hearing on Defendant's Motion to Dismiss, during which the parties presented arguments regarding service of process and administrative exhaustion. The Court, upon reviewing the record, found that Plaintiff had failed properly to serve her Amended Complaint as required by Rule 4(m) and further determined that the claims asserted exceeded the scope of her Equal Employment Opportunity Commission ("EEOC") charge[6]. Since that charge had failed to raise a substantive discrimination or retaliation claim, said this Court, Knuckles had failed to exhaust her administrative remedies. Consequently, on March 20, 2023, this Court issued an order granting Defendant's Motion to Dismiss [ECF No. 31].

Plaintiff now moves for reconsideration of this Court's decision, arguing that Defendant waived its service objections and that she adequately had exhausted administrative remedies. Plaintiff asserts that dismissing her complaint results in undue prejudice, as she is now time-barred from refiling. Plaintiff, moreover, contends that her EEOC charge sufficiently laid the foundation for the claims raised in her lawsuit, and that a strict interpretation of the exhaustion requirement unjustly restricts her access to judicial relief.

---

[5] The FDIC is no longer a defendant in this matter.

[6] Plaintiff's EEOC Complaint alleged that the FDIC had discriminated against her and subjected her to a hostile work environment on the basis of race (African-American), disability (deep vein thrombosis), and sought reprisal for priotected EEO activity [ECF No. 34-1].This Court held that having failed to raise a substantive discrimination or retaliation claim administratively, Plaintiff failed to exhaust her administrative remedies. This Court further found that even if Plaintiff had raised claims for race and disability discrimination and retaliation before the EEOC, her claims for race discrimination, disability discrimination, and retaliation are time-barred. [ECF No. 31].

## II.   ARGUMENTS

### A.   *Plaintiff's Arguments*

Plaintiff contends that Defendant waived the defense of insufficient service by failing properly to object in its initial responsive pleading. She argues that Defendant merely "noted" the lack of service rather than asserting it as a defense, creating ambiguity that led Plaintiff to believe the issue had been waived. Plaintiff further asserts that dismissing the complaint is highly prejudicial as she is now time-barred from refiling.

Plaintiff also maintains that she exhausted her administrative remedies, as her claims for race-based and disability-based discrimination, retaliation, and disparate treatment reasonably arose from her EEOC charges. She argues that the EEOC's acceptance of her claims for investigation demonstrates that her allegations were properly presented, and her claims should be liberally construed given her pro se status during the administrative proceedings. Plaintiff further emphasizes that Title VII and the Rehabilitation Act must be interpreted in a manner that encourages administrative recourse rather than barring potential claims on procedural technicalities.

### B.   *Defendant's Arguments*

Defendant argues that Plaintiff fails to satisfy the stringent standard for relief under Rule 60(b)[7], as motions for reconsideration are not vehicles for rearguing matters already decided.

---

[7] **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.
Fed. R. Civ. P. 60

Defendant asserts that it properly preserved its service objection in its initial motion to dismiss and reiterated the argument in subsequent filings. Further, Defendant contends that Plaintiff's failure to serve the Amended Complaint was neither excusable nor justified under Rule 4(m)[8], especially since Plaintiff had ample notice of the service issue and failed to rectify it.

Regarding administrative exhaustion, Defendant asserts that Plaintiff's EEOC charge alleged only a hostile work environment claim and did not include distinct claims of disparate treatment or retaliation. Defendant cites *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006), arguing that Plaintiff's expanded claims in the lawsuit exceed the scope of the EEOC's investigation and, thus, fail for lack of exhaustion. Defendant also contends that permitting litigation beyond the bounds of the EEOC charge would circumvent the administrative process and set a precedent for bypassing procedural safeguards.

## IV.   DISCUSSION

### A.   *Service of Process*

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days, the court must dismiss the action without prejudice unless the plaintiff shows good cause for the delay. Defendant consistently raised the issue of improper service, and Plaintiff did not perfect service within the required timeframe. Moreover, the Fifth Circuit has held that failure to perfect service, even when it results in a time-barred claim, does not entitle a plaintiff to relief under Rule

---

[8] **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).
Fed. R. Civ. P. 4.

60(b). See *McGinnis v. Shalala*, 2 F.3d 548, 549 (5th Cir. 1993). Accordingly, Plaintiff's argument that service defects should be excused as "waived" is unpersuasive.

Additionally, courts routinely have rejected claims of excusable neglect in cases where plaintiffs had ample opportunity to perfect service but failed to do so. The procedural safeguards outlined in Rule 4 are designed to ensure defendants receive proper notice and an opportunity to respond. Granting exceptions in this case would undermine the procedural integrity of the judicial process.

    **B.**    *Administrative Exhaustion*

Under Fifth Circuit precedent, a Title VII complaint is limited to the scope of the EEOC investigation which reasonably could be expected to grow out of the charge. See *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). The record indicates that Plaintiff's EEOC charge focused on a hostile work environment rather than disparate treatment or retaliation. As such, her new claims exceed the permissible scope of litigation. Courts do not permit plaintiffs to circumvent the exhaustion requirement by asserting claims in court that were not properly presented to the EEOC. See *Pacheco*, 448 F.3d at 792.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration **[ECF No. 34]** hereby is **DENIED**.

SO ORDERED this the 13th day of March, 2025.

                                          /s/HENRY T. WINGATE
                                          UNITED STATES DISTRICT JUDGE